Per Curiam.

After trial, the jury returned a verdict in favor of defendant on plaintiff’s cause of action and in favor of plaintiff on defendant’s counterclaim. The trial court set aside the jury’s verdict as contrary to the law and the evidence, directed a verdict in plaintiff’s favor for the principal sum of $11,752.14, with interest and costs, and dismissed defendant’s counterclaim; the judgment appealed from was entered thereon. Plaintiff appeals from so much of the judgment as failed to grant an additional amount in plaintiff’s favor; defendant appeals from the whole judgment and from an intermediate ruling permitting amendment of plaintiff’s complaint.
On plaintiff’s appeal the issue as to the first period regarding the $2,432.19 which plaintiff claims in addition to what the court allowed was whether that amount was a loan or an advance against commissions. The court charged that if it was a loan with a promise to repay, plaintiff could recover but if it was an advance plaintiff could not recover as the contract for the first period was silent as to repayment of such advances. That was purely an issue of fact for the jury and on conflicting evidence the jury’s verdict on that aspect of the ease was conclusive.
On defendant’s appeal from the intermediate ruling amending the complaint, defendant having proceeded to trial, the appeal from said ruling should be dismissed.
But on defendant’s main appeal, the judgment in plaintiff’s favor should be reversed. The specific pages of plaintiff’s books of account offered in evidence and identified by plaintiff's Exhibit 4 and the summaries based on such entries were properly received in evidence, but their weight was for the jury in the light of all the facts and surrounding circumstances. The serious differences between the parties so far as the figures are concerned related primarily to the deduction of expenses “ directly alloeatable ” to defendant or his export department; such entries involved an element of discretion and judgment and the mere fact that the pages of the books in evidence reflected what plaintiff entered as directly alloeatable to the export department was not conclusive. The court’s directed verdict in plaintiff’s favor based on the assumed conclusiveness of plaintiff’s figures as to the second period cannot be sustained but must be set aside.
The contract expressly provided that plaintiff would render defendant as at the close of each fiscal year a statement of his account which would be considered correct unless defendant filed with plaintiff an objection thereto within thirty days and defendant agreed to repay on demand any amount shown to be due from him to plaintiff on said statements of account. Plaintiff’s president *694 testified that he personally delivered the statements o£ account and the auditor’s reports to defendant and that defendant made no objection. Defendant in his testimony repeatedly and categorically denied that he ever received the statements or the auditor’s report until after the action had been begun by plaintiff and defendant was shown statements for the first time in an examination before trial in January, 1947. This issue was repeatedly referred to in the testimony and loomed large as an issue of fact on conflicting evidence. At defendant’s request the court charged that if the jury believed such annual statements were not delivered to defendant, plaintiff had breached the contract and could not recover. All the disputed issues of fact were submitted to the jury on evidence ultimately conflicting, under a charge to which plaintiff took no exception, but stated it was “ entirely satisfactory.” The court also charged, without exception, that as plaintiff prepared the contract and the modifications thereof any ambiguity must be construed against plaintiff. Under the charge, which is the law of the case, there were issues of fact involving credibility, including the issue whether plaintiff had given defendant the annual statements, and it was for the jury to resolve all such issues.
The judgment appealed from should be reversed and the jury’s verdict reinstated, and judgment entered thereon dismissing plaintiff’s complaint and defendant’s counterclaim, without costs. The appeal from the intermediate ruling, of the court should be dismissed, without costs.
Peck, P. J., Dore, Cohn, Callahan and Yan Voorhis, JJ., concur.
Judgment unanimously reversed, the verdict of the jury reinstated and judgment is directed to be entered thereon dismissing plaintiff’s complaint and defendant’s counterclaim, without costs. Appeal from the intermediate ruling of the court dismissed, without costs.